IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA PEREZ, Individually and | § | |
| As Next Friend of L.P., a minor, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4531 |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| et al., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Separate Trials and Abatement ("Motion") [Doc. # 8] filed by Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm"). State Farm seeks bifurcation and abatement of Plaintiff's extra-contractual claims asserted in this lawsuit. Plaintiff Patricia Perez filed an Opposition [Doc. # 11], and State Farm filed a Reply [Doc. # 12]. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion.

## I.   BACKGROUND

Plaintiff alleges that she and her minor child were injured in October 2016 when they were involved in a motor vehicle accident with Eugenia Ntoco. *See* First Amended Complaint [Doc. # 7], ¶ 9. Plaintiff alleges that the damages she and her

minor child suffered in the accident exceeded Ntoco's insurance coverage. *See id.*, ¶ 13 (alleging that Ntoco was an underinsured motorist). At the time of the accident, Plaintiff was insured under a State Farm automobile insurance policy that included a provision for uninsured ("UI") and underinsured motorist ("UIM") coverage. *See id.*, ¶ 11. Plaintiff submitted a claim under the UIM provision of her insurance policy with State Farm. *See id.*, ¶ 15.

When State Farm failed to pay her claim in full, Plaintiff filed this lawsuit. Plaintiff seeks a declaratory judgment "establishing the parties' relative rights and responsibilities" under the UIM provision of the State Farm policy. Plaintiff also asserts causes of action alleging that Ntoco was negligent and negligent per se. Plaintiff asserts a breach of contract claim against State Farm based on its failure to pay the UIM claim in full, and asserts extra-contractual claims for alleged violations of the Texas Insurance Code, the duty of good faith and fair dealing, and the Texas Deceptive Trade Practices Act.

State Farm moved for separate trials, seeking to sever the issues relating to the accident and the resulting damages from the extra-contractual issues relating to State Farm's failure to pay Plaintiff's claim under the UIM provision of her policy. Plaintiff opposes separate trials and argues that, even if the Court grants separate

trials, the Court should not abate discovery on the extra-contractual claims. The

Motion has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

The UIM insurer, State Farm in this case, is obligated to pay damages which the

insured is "legally entitled to recover" from the underinsured motorist. *See Brainard*

*v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2016) (quoting TEX. INS.

CODE art 5.06-1(5)).  The UIM insurer "is under no contractual duty to pay benefits

until the insured obtains a judgment establishing liability and underinsured status of

the other motorist." *Id.*  "Neither requesting UIM benefits nor filing suit against the

insurer triggers a contractual duty to pay." *Id.*  Indeed, "neither a settlement nor an

admission of liability from the tortfeasor establishes UIM coverage." *Id.*  Therefore,

courts in Texas for years have held that severance and abatement are not only proper,

but are required, in UIM cases. *See, e.g., In re Farmers Tex. Cty. Mut. Ins. Co.*, 509

S.W.3d 463, 468 (Tex. App. – Austin 2015, orig. proceeding) (holding that it was an

abuse of discretion to deny abatement, and conditionally granting mandamus); *In re*

*United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App. – San Antonio 2010, orig.

proceeding) (holding that it was an abuse of discretion not to sever and abate the UIM

claim from the extra-contractual claims); *United States Fire Ins. Co. v. Millard*, 847

S.W.2d 668, 673 (Tex. App. – Houston [1st Dist.] 1993) (holding that refusal to grant

separate trials and to abate the extra-contractual claims was an abuse of discretion);

*In re Old Am. Cty. Mut. Fire Ins. Co.*, 2013 WL 398866, *4 (Tex. App. – Corpus

Christi Jan. 30, 2013) (and cases cited therein).  As the Court in *Millard* explained,

abatement of the extra-contractual claims "must necessarily accompany severance of

those claims from the contract claim.  Without abatement, the parties will be put to the

effort and expense of conducting discovery and preparing for trial of claims that may

be disposed of in a previous trial."  *Millard*, 847 S.W.2d at 673.

Federal courts have similarly severed and abated extra-contractual claims in

cases involving UI or UIM provisions as serving the interests of judicial economy.

*See, e.g., Accardo v. Am. First Lloyds Ins. Co.*, 2012 WL 1576022, *5 (S.D. Tex.

May 3, 2012) (Rosenthal, J.).  In *Accardo*, the Court abated "the bad faith claim while

the parties litigate the unknown driver's liability and the Accardos' resulting

damages."  *See id.* (citing cases severing and abating UIM claim from extra-

contractual claims).  The court in *Accardo* noted that a finding that the insurer

defendant was not liable for UI benefits could foreclose the extra-contractual claim.

*See id.*

Plaintiff argues that the Court cannot grant separate trials because the Texas

Insurance Code claims cannot be severed from the breach of contract claim, citing

*Lusk v. Puryear*, 896 S.W.2d 377, 379 (Tex. App. – Amarillo 1995, no writ).  As the

Amarillo court subsequently held, however, *Lusk* does not apply to a claim for UIM benefits. *See In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 467 (Tex. App. – Amarillo, orig. proceeding).

Plaintiff argues also that abatement of discovery of the extra-contractual claims will require the parties to "duplicate their efforts and waste their resources." *See* Response, p. 4. The discovery relevant to the UIM issues differs from that needed for the extra-contractual claims. The discovery on the UIM issues relates to the motor vehicle accident and the injuries and damages suffered by Plaintiff and her minor child in that accident. The discovery on the extra-contractual issues relates to State Farm's processing of Plaintiff's UIM claim and the reasons for State Farm's decisions on that claim. The discovery in each separate phase is not likely to be duplicative.

Texas courts since the Texas Supreme Court's decision in *Brainard* have repeatedly held that the insurer defendant should not be required to engage in discovery on extra-contractual issues before the underlying UIM liability is determined. Indeed, the Texas Court of Appeals in Houston's First District have called it "manifestly unjust" to require such discovery. *See In re Liberty Mut. Ins. Co.*, 537 S.W.3d 214, 221 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding) (citing *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 426 (Tex. App. – Houston [1st Dist.] 2014, orig. proceeding)). Therefore, in light of clear, long-

standing Texas law, the Court exercises its discretion to grant separate trials and to abate discovery of the extra-contractual claims until the UIM issues are decided and the Court enters judgment on the UIM claims.

## III.   CONCLUSION AND ORDER

Plaintiff is not "legally entitled to recover" UIM benefits unless and until there is a judicial determination that the other motorist was negligent, and that her damages exceed her insurer's applicable limits.  Therefore, based on Texas law as discussed above, severance and abatement of the extra-contractual claims is appropriate.  It is hereby

**ORDERED** that State Farm's Motion for Separate Trials and Abatement [Doc # 8] is **GRANTED**.

SIGNED at Houston, Texas, this **10th** day of **May, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE